FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORENA H.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | No. 4:25-CV-05097-JAG<br><br>**ORDER AFFIRMING DECISION OF THE ALJ** |

**BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment, the Commissioner's Brief in response, and Plaintiff's Reply Brief. ECF Nos. 9, 13 and 14. Attorney Chad Hatfield represents Lorena H. (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, the Court **AFFIRMS** the ALJ's decision.

## I. JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on December 29, 2022, alleging disability since August 1, 2022, due to low vision, hidradenitis suppurativa, depression, and pelvic

floor issues. Tr. 67. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). Tr. 102. A hearing was held on October 2, 2024, at which vocational expert Susan Shea, and Plaintiff, who was represented by counsel, testified. Tr. 37. ALJ Henry DeWoskin presided. Tr. 37. The ALJ denied benefits on November 22, 2024. Tr. 14. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 31, 2025. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1990 and was 32 years old on the alleged onset date. Tr. 67. Plaintiff's past jobs include Starbucks barista, leasing agent and manager for property management business, salesperson at Macy's and owner of a construction supply company. Tr. 199.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On November 22, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 14.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 1, 2022, the alleged onset date. Tr. 19.

At ***step two***, the ALJ found Plaintiff had the severe impairments of obesity, hidradenitis suppurativa, major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. Tr. 19.

At ***step three***, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 20.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the following limitations:

> the claimant can lift 10 pounds occasionally. She can stand and/or walk for about 2 hours and sit for up to 6 hours in an 8 hour work day with normal breaks. She can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. She can occasionally crouch and crawl. She must avoid occasional exposure to extreme heat. She must avoid frequent exposure to operational control of moving machinery. She must avoid unprotected heights and exposure to hazardous machinery. Her work is limited to simple instructions. Her work must be in a low stress job, defined as having only occasional changes in the work setting. She cannot perform work that requires hourly quotas. She must have only occasional interaction with the public, co-workers, and supervisors.

Tr 21 - 22. The ALJ found Plaintiff's symptoms caused by hidradenitis suppurativa abated with treatment in under 12 months, with a medical provider describing symptoms as "mild." Tr. 23. The ALJ concluded the RFC should not

include limitations for the hidradenitis suppurativa due to the limited period of severity. Tr. 23.

At ***step four***, the ALJ found Plaintiff could not perform past relevant work as an owner, construction retail trade business. Tr. 25 - 26.

At ***step five***, the ALJ found, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of hand assembler, machine tender, and table worker. Tr. 26 - 27

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27.

## VI. ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by: (1) rejecting John Franco's medical opinion; (2) conducting inadequate Step Three evaluation, including erroneously concluding that accommodation for Plaintiff's hidradenitis suppurativa symptoms need not be included in the RFC due to the limited duration of severe symptoms; (3) improperly rejecting Plaintiff's subjective symptom testimony; and, (4) failing to meet the Step Five burden.

## VII. DISCUSSION

### A. **Medical Opinion - John Franco.**

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b), 20 C.F.R.

§ 404.1520c(c). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5), 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2), 20 C.F.R. § 404.1520c(c). The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2) and 20 C.F.R. § 404.1520c(c).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the

"relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

Plaintiff argues that the ALJ improperly assessed the medical opinion of John Franco. ECF No. 9 at 9 – 12. Two medical experts, Renee E. and John Franco, opined regarding Plaintiff's functional level due to mental health symptoms. John Franco, PMHNP, performed a consultative examination in September 2023. Tr. 24 – 25. Mr. Franco assessed significant limitations based on Plaintiff's reported symptoms. Tr. 25. The ALJ found that "opinion is not consistent with the record" and consequently determined that Mr. Franco's opinion was unpersuasive. Tr. 25.

Specifically, Mr. Franco's conclusions were not supported by the treatment notes or his observations. Tr. 24 - 25. The ALJ detailed the treatment notes and contrasted those with Mr. Franco's conclusions. Tr. 24 – 25. The mental status exam "indicated fair eye contact and interpersonal confidence, restless motor activity, fair attention and concentration, fair insight, and an inability to do serial 3 calculations." Tr. 24. However, Mr. Franco did not consider alternate explanations for digit span calculations other than lack of ability to concentrate despite fair concentration during the exam. Tr. 25. He concluded that she could not carry out even simple instructions which the ALJ noted was inconsistent with her ability to engage in routine childcare, housework, or complete the mental status

exam. Tr. 25. The ALJ's explanation is supported by substantial evidence. Consequently, the ALJ's analysis of Mr. Franco's opinion is free of error.

**B. <u>Step Three/ RFC.</u>**

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Plaintiff's argument at Step Three is twofold: First, Plaintiff argues the ALJ's analysis regarding whether hidradenitis suppurative meets Listing 8.09 was inadequate. Second, Plaintiff argues the ALJ erred in failing to assess limitations based on Plaintiff's hidradenitis suppurativa symptoms because the ALJ erroneously determined that severe symptoms did not last for over twelve months. ECF No. 9. Although the ALJ's analysis of Listing 8.09 was brief, the ALJ clearly examined the requirements of the listing and made a finding based on the record that Plaintiff did not meet the requirements, specifically the ALJ found "[t]he claimant's records do not document chronic skin lesions or other abnormalities sufficient to preclude use of the extremities to the extent required by this listing." Tr. 20. The ALJ details symptoms of the hidradenitis suppurativa as it pertains to extremities later in the opinion when discussing Plaintiff's symptom testimony which also supports the ALJ's finding at Step 3. *See* Tr. 22 – 23.

Listing 8.09 requires a duration of three months, but as the ALJ found that Plaintiff did not qualify for Listing 8.09, the default twelve-month period applies. 20 C.F.R. § 404.1525(c)(4). The twelve-month duration standard applies to listed impairments for which there is no specific statement of duration. 20 C.F.R.

§ 404.1525(c)(4). The ALJ need not include limitations for severe impairments that don't meet the twelve-month duration standard. 20 C.F.R. § 416.909. The ALJ made findings, supported by substantial evidence, that while initially the symptoms associated with hidradenitis suppurativa were severe, the symptoms became mild with effective treatment within a few months of beginning the Humira injections. Tr. 23. Therefore, the ALJ's failure to include limitations based on the hidradenitis suppurativa is supported by substantial evidence and not erroneous.

**C. <u>Plaintiff's Subjective Statements.</u>**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 9 at 18 – 22. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996), *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found that Plaintiff's reported limiting effects of her mental health conditions were inconsistent with the record because her "fairly unremarkable scope of [daily] activities" suggested less impairment than alleged. Tr. 24. A

claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester,* 81 F.3d at 834. Although relatively brief, the ALJ reviewed Plaintiff's mental health reports noting that despite reporting severe symptoms during a consultative examination, she also reported that "she said she was able to get along with others and maintain relationships" Tr. 24. She cared for her children, did chores, prepared meals, and did shopping. Tr. 24.

The ALJ found treatment mitigated the disabling effects of Plaintiff's hidradenitis suppurativa (as complicated by obesity). Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The ALJ provided a detailed analysis comparing Plaintiff's reports during the hearing compared to reports to providers regarding her skin condition. Tr. 23 – 24. The ALJ noted that medical providers noted that Plaintiff's reports to providers, as well as their clinical observations showed that treatment significantly improved Plaintiff's symptoms from severe to mild. Tr. 23 – 24.

**D. <u>Step Five.</u>**

Once a claimant has established that he or she suffers from a severe impairment that prevents the claimant from doing any work he or she has done in the past, the claimant has made a prima facie showing of disability. At this point—step five—the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

Lastly, Plaintiff argues that the ALJ erred at Step Five by relying on a flawed hypothetical because it did not include limitations for hidradenitis suppurativa or encompass all of Plaintiff's subjective complaints and the limitations opined by Mr. Franco. As the Court found no error in the ALJ's findings regarding limitations, this argument is moot.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 9**, is **DENIED**.
2. Defendant's request to affirm the decision of the ALJ, **ECF No. 13**, is **GRANTED**.
3. The Commissioner's decision is **AFFIRMED**.

The District Court Executive is directed to file this Order and provide a copy to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 28, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE